**Kevin C. Brague, OSB No. 050428**
kevin@braguelawfirm.com
THE BRAGUE LAW FIRM
4504 S. Corbett Avenue, Suite 250
Portland, Oregon 97239
t: 503.922.2243
f: 503.296.2046

Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **N.W.**, a minor, by and through her next friend ADRIONA WHITE,<br><br>Plaintiff,<br><br>v.<br><br>**PORTLAND PUBLIC SCHOOLS,** an Oregon public corporate entity by and through its Board of Directors of Multnomah County School District No. 1J,<br><br>Defendant. | Case No. 3:24-cv-00642<br><br>**COMPLAINT**<br>(Negligence; Premises Liability; Title VI; and Intimidation)<br><br>DEMAND FOR JURY TRIAL |

Plaintiffs allege as follows:

### INTRODUCTION

1.

Plaintiff N.W. is a black teenage girl who attended West Sylvan Middle School within Defendant Portland Public Schools. From September 2022 through March 2023 N.W. was subjected to a racially hostile education environment in which she experienced racism and physical violence.

## JURISDICTION

2.

Federal Court jurisdiction exists under 28 USC § 1331. Supplemental jurisdiction arises under 28 USC § 1367 for all common law and state of Oregon claims.

3.

Venue is proper in the U.S. District Court of Oregon, Portland Division because all acts alleged herein occurred in Multnomah County, Oregon.

## PARTIES

4.

At all material times, Plaintiff N.W. (by and through her FRCP 17 next friend and natural guardian/mother Adriona White) was and is a resident and domiciliary of Multnomah County, Oregon, is a minor over the age of 14 and attended West Sylvan Middle School pursuant to Defendant's Board Policy 4.10.010-P, and ORS 339.010 and ORS 339.020.

5.

At all material times, Defendant Portland School District No. 1J (fka Multnomah County School District No. 1J and its Board, which references itself as the "Board of Directors of Multnomah County School District No. 1J" per its currently published Board Policy 1.10.010-P) doing business as Portland Public Schools (collectively "PPS"), is and was an Oregon public corporate entity doing business in Multnomah County, Oregon.

6.

PPS is a public school district, providing public school education from kindergarten through the twelfth grade pursuant to ORS 332.072 et seq. and ORS 339.115, and is responsible

for and operates elementary schools, middle schools, high schools, alternative and magnet schools, and related programs.

7.

PPS bears the burden and responsibility of keeping its students safe and free from a racially hostile education environment.

8.

PPS warrants and accepts the responsibility of supervising students at all times when they are in school, on school grounds, under school auspices, or engaging in school-sponsored activities.

## STATEMENT OF FACTS

9.

Beginning in September 2022 with the start of the school year, N.W., a black student, frequently and consistently heard racial slurs used by the white students within PPS's West Sylvan Middle School.

10.

On or about February 8, 2023 a white male student was walking down the hallway and encountered N.W. punched her in the face and called her a racial epithet (the n-word).

11.

On or about March 8, 2023 N.W. was again assaulted at West Sylvan Middle School by a group of students.

12.

PPS and West Sylvan Middle School, in particular, have a history of racial discrimination and tolerating racial incidents between students, including ongoing and pervasive daily use of

racial slurs and epithets by the student body without objection or recourse by any employee or agent of PPS.

13.

There was no or insufficient adult supervision when N.W. was assaulted and injured at West Sylvan Middle School during school and on school property.

14.

PPS failed to take reasonable steps to supervise its students and keep N.W. safe.

15.

PPS intentionally, knowingly, or recklessly fostered and condoned a racially hostile education environment at West Sylvan Middle School, then mandated her attendance placing her in fear of imminent serious physical injury due to her race, color, or national origin.

16.

PPS was on notice that its campuses were hostile education environments based on prior complaints from students and PPS's toleration and condoning of racist name calling, harassment, and assaults based on race occurring at West Sylvan Middle School and throughout PPS for years prior.

17.

PPS, including West Sylvan Middle School, failed to inform, teach, educate, and reasonably respond to its racially hostile education environments.  PPS condoned and fostered racially hostile education environments for Black students.

/ / / /

/ / / /

/ / / /

## FIRST CLAIM FOR RELIEF

(Negligence)

18.

Plaintiff realleges and incorporates by reference paragraphs 1 through 17 above.

19.

Plaintiff and PPS are in a special relationship of educators to student. N.W. was entrusted to PPS's care and it has the special duty to assure her safety through close supervision during school hours and on school grounds.

20.

PPS's lack of supervision breached its duties of care to its students, including N.W., which breach allowed for her injuries to occur.

21.

N.W. was harmed and injured when she was assaulted during school hours, and on school grounds when there was no or inadequate supervision of students.

22.

N.W.'s injuries were due in whole or in part to the negligent acts and omissions of PPS in one or more of the following respects:

    a.    In failing to supervise its students;

    b.    In failing to inform students within PPS and West Sylvan Middle School of its anti-racist and harassment policies;

    c.    In failing to inform PPS and West Sylvan Middle School employees and agents of its anti-racist and harassment policies;

  d. In failing to implement anti-racist and harassment policies within PPS and West Sylvan Middle School;

  e. In failing to implement anti-racist curriculum within PPS and West Sylvan Middle School;

  f. In failing to implement ORS 329.494(2)(d), (e), (f), and (h) within PPS and West Sylvan Middle School;

  g. In failing to supervise and keep West Sylvan Middle School students from assaulting N.W.;

  h. In failing to supervise and keep West Sylvan Middle School students from harassing N.W.;

  i. In failing to discipline West Sylvan Middle School students using racist language and attendant physical assaults in accordance with PPS's Student Conduct and Discipline Policy;

  j. In failing to discipline West Sylvan Middle School students using racist language and attendant physical assaults in accordance with PPS's Student Conduct and Discipline Policy, PPS signals to all its students and staff that its anti-racist policies are meaningless and will not be implemented and that racism is acceptable within its schools;

  k. In failing to warn N.W. of the danger of racist assaults at West Sylvan Middle School;

  l. In failing to report students to juvenile authorities for their hate crime and child abuse pursuant or ORS 166.155 and ORS 419B.010;

  m. In failing to train its employees and agents on supervising students; and

  n. In failing to train its employees on adequately responding to racism.

23.

As a direct and foreseeable result of PPS's negligence as set forth above, N.W. was injured and traumatized and emotionally distressed all to her economic and non-economic damages in an amount to be proved at trial.

## SECOND CLAIM FOR RELIEF

(Premises Liability)

24.

Plaintiffs reallege and incorporate by reference paragraphs 1 through 23 above.

25.

PPS owns, occupies, and controls the land, buildings, playgrounds, and fields whereupon Plaintiff was injured.

26.

N.W. is an invitee of PPS to attend school.

27.

PPS knew or should have known that West Sylvan Middle School was not safe, and that it has a history of children being harassed, assaulted, and injured based on their race during school and on school property, and that unsupervised children are more likely to injure others.

28.

PPS failed to exercise reasonable care to eliminate the danger, or warn N.W. that she would be assaulted, harassed, and injured on PPS property based on her race.

29.

N.W.'s injuries were due in whole or in part to the negligent acts and omissions of PPS in one or more of the following respects:

a. In failing to supervise its students;

b. In failing to inform students within PPS and West Sylvan Middle School of its anti-racist and harassment policies;

c. In failing to inform PPS and West Sylvan Middle School employees and agents of its anti-racist and harassment policies;

d. In failing to implement anti-racist and harassment policies within PPS and West Sylvan Middle School;

e. In failing to implement anti-racist curriculum within PPS and West Sylvan Middle School;

f. In failing to implement ORS 329.494(2)(d), (e), (f), and (h) within PPS and West Sylvan Middle School;

g. In failing to supervise and keep West Sylvan Middle School students from assaulting N.W.;

h. In failing to supervise and keep West Sylvan Middle School students from harassing N.W.;

i. In failing to discipline West Sylvan Middle School students using racist language and attendant physical assaults in accordance with PPS's Student Conduct and Discipline Policy;

j. In failing to discipline West Sylvan Middle School students using racist language and attendant physical assaults in accordance with PPS's Student Conduct and Discipline Policy, PPS signals to all its students and staff that its anti-racist policies are meaningless and will not be implemented and that racism is acceptable within its schools;

k. In failing to warn N.W. of the danger of racist assaults at West Sylvan Middle School;

l. In failing to report students to juvenile authorities for their hate crime and child abuse pursuant or ORS 166.155 and ORS 419B.010;

m. In failing to train its employees and agents on supervising students; and

n. In failing to train its employees on adequately responding to racism.

30.

As a direct and foreseeable result of PPS's negligence as set forth above, N.W. was injured and traumatized and emotionally distressed all to her economic and non-economic damages in an amount to be proved at trial.

### THIRD CLAIM FOR RELIEF

(Title VI – Hostile Education Environment)

31.

Plaintiff realleges and incorporates by reference paragraphs 1 through 30 above.

32.

The Civil Rights Act of 1964 prohibits race discrimination by any program or activity receiving Federal financial assistance. See 42 USCS § 2000d ["No person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance."].

33.

PPS received Federal financial assistance including ESSER funds, Title VI funds, COVID stimulus funding, FEMA reimbursement, and other Federal funds and grants which total over $145,000,000.00.

34.

N.W. is a young Black teenager, fourteen years of age, and attends PPS and West Sylvan Middle School pursuant to PPS Policy 4.10.010-P, and ORS 339.010 and 339.020.

35.

PPS created a hostile education environment due to its failure to supervise students who sought out, used, intimidated, harassed, traumatized and injured N.W.

36.

These students' race-based actions are the direct result of PPS failing to inform, educate, and respond to prior complaints of racism, racial incidents, race-based name calling, and harassing behavior.

37.

PPS knew of prior instances of racism by students during school and while on school grounds.

38.

PPS failed to take prompt and effective steps reasonably calculated to end the harassment, eliminate the hostile environment, prevent its recurrence, and address its effects.

39.

As a direct and foreseeable result of PPS's discrimination and hostile education environment as set forth above, N.W. was injured in an amount to be proved at trial.

40.

N.W. is entitled to recover her attorney fees and costs pursuant to 42 USC § 1988(b).

## **FOURTH CLAIM FOR RELIEF**

(ORS 30.198 Intimidation)

41.

Plaintiff realleges and incorporates by reference paragraphs 1 through 40 above.

42.

PPS intentionally, knowingly, or recklessly injured N.W. because of PPS's intentionally subjected N.W. to offensive physical contact because of her race by condoning and allowing for a racially hostile education environment by students for which PPS has exclusive authority and control.

43.

As a direct and foreseeable result of the racially hostile education environment within West Sylvan Middle School and its agents, N.W. was injured in an amount to be proved at trial.

45.

N.W. is entitled to recover her attorney fees and costs pursuant to ORS 30.198.

**WHEREFORE**, Plaintiffs prays for the following relief against PPS:

1. For N.W.'s economic damages in an amount to be proved at trial;

2. For N.W.'s noneconomic damages in an amount to be proved at trial;

3. For N.W.'s attorney fees and costs pursuant to 42 USC § 1988(b), and ORS 30.198;

/ / / /

/ / / /

/ / / /

/ / / /

4.       For N.W.'s costs and disbursements; and

5.       For such other relief as the court deems just.

DATED this 15th day of April, 2024.

>THE BRAGUE LAW FIRM
>
>By _____
>Kevin C. Brague, OSB No. 050428
>kevin@braguelawfirm.com
>4504 S. Corbett Avenue, Suite 250
>Portland, Oregon 97239
>t: 503.922.2243
>f: 503.296.2046
>Attorney for Plaintiff

Page 1 – COMPLAINT